## In United States District Court
### For the District of Delaware

UNITED STATES OF AMERICA

v.

DAWANN DIXON,
Defendant

Criminal Complaint

CASE NUMBER: 08- 72 M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about  April 6, 2008,  in the District of Delaware, Defendant DAWANN DIXON, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce a firearm, in violation of Title  18 , United States Code, Section(s)  922(g)(1) and 924(a)(2).

I further state that I am sworn as a  Special Deputy U.S. Marshal and am assigned to the ATF  and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____
Steven Parrott
Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

April 7, 2008                                             at        Wilmington, DE
Date                                                                    City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer                            Signature of Judicial Officer

AFFIDAVIT OF STEVEN PARROTT

1. Your affiant is Steven Parrott. Your affiant is a Special Deputy U.S. Marshal and is currently assigned as a Task Force Officer to the Wilmington, Delaware office of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives. Your affiant has been a police officer for the city of Wilmington, Delaware for ten years. Prior to your affiant's employment with the city of Wilmington, Delaware, your affiant was a sworn police officer for ten years working in other states. In all, your affiant has twenty years of experience as a sworn police officer. Your affiant has attended and completed training in police/law enforcement academies in the states of Florida, Wyoming and Delaware. Your affiant has received training in the recognition of firearms and the investigation of firearms offenses at all three of these academies, as well as regularly attending in-service training throughout your affiant's career. Your affiant has participated in the seizures of over fifty firearms and the investigation of a substantial number of firearm-related offenses. In addition, your affiant has participated in discussions about the facts and circumstances of firearms offenses with other police officers, including but not limited to local, state and federal officers, specific to their own knowledge, experience and training of such offenses.

2. Unless otherwise noted, the information in this affidavit is based on your affiant's personal knowledge and conversations with officers of the Wilmington, Delaware Police Department and/or a Special Agent of the ATF who is specially trained in the investigation of firearms-related incidents and the interstate nexus of firearms.

3. The seizure of all the below listed evidence took place on April 6, 2008, in the city of Wilmington, state and District of Delaware, as stated below to me by one or more Wilmington Police Officers.

4. Your affiant reviewed the criminal history information for the Defendant DAWANN DIXON from the Delaware Justice Information System and learned that the defendant has a felony conviction for which he faced incarceration for more than one year. That felony conviction was for Forgery 2nd degree. The conviction was on or about April 4th, 2005, in the Superior Court of New Castle County, Delaware. Your affiant also reviewed a copy of a Judgment against the defendant in the United States District Court, District of Delaware, dated March 28th, 2007. That Judgment showed that the defendant was convicted of being a Felon in Possession of a Firearm under Case Number CR 06-68-1-JJF and was sentenced to be imprisoned for a term of eighteen (18) months.

5. Your affiant spoke to a Wilmington Police Officer hereinafter referred to as Officer 1 and learned the following. Officer 1 was working in uniform in a marked police car when he and other officers were dispatched to a certain address in the city of Wilmington. Officers were advised that the defendant, who was named by the caller, was at that address banging on the door. The defendant's description,

including his clothing, was also provided to officers. Officers were further advised that the defendant was wanted on outstanding charges, which was confirmed by the dispatcher prior to Officer 1's arrival at the scene. Officer 1 had seen a wanted flyer for the defendant and had it in his possession. Officer 1 reviewed the flyer while in route to the given address.

6. Officer 1 told your affiant the following. When he arrived at the address he had been dispatched to, he saw the defendant standing on the porch. He immediately recognized the defendant as the person on the wanted flyer he had in his possession.

7. Officer 1 told you affiant the following. The defendant had his left hand concealed in the front of his jacket. Officer 1 gave the defendant repeated commands to remove his hand, which he eventually did. Officer 1 told the defendant to sit down on the steps but the defendant did not comply. Instead the defendant picked up a shopping bag he had next to him and tried to walk past Officer 1. Officer 1 then grabbed onto the defendant, who began to resist. Officer 1 took the defendant to the ground in an attempt to control him. Officer 1 held the defendant until another officer arrived to assist him in handcuffing the defendant.

8. Officer 1 told your affiant the following. After the defendant was in custody, Officer 1 walked him to the police car. At that time, Officer 1 searched the defendant. Officer 1 found a handgun concealed in the right front side of the defendant's waistband. The firearm was loaded with five rounds of ammunition in its magazine and one round in its chamber.

9. Officer 1 told you affiant the following. He searched the defendant further and found a purple cloth "Crown Royal" bag in the left pocket of the defendant's jacket. Inside that bag were twenty-one rounds of .25 caliber ammunition.

10. Officer 1 told your affiant the following. After transporting the defendant to the Wilmington Police station he searched the defendant further. He found a clear plastic bag containing a rock of a white, chunky substance in the defendant's left sock. Based on Officer 1's training and experience the substance appeared to be crack cocaine. Officer 1 conducted a field test on the substance and it was positive for the presence of cocaine base. The weight of the substance and the bag was one gram.

11. Your affiant viewed the seized firearm. It is a .25 caliber semi-automatic Dusek handgun. Your affiant spoke with an ATF agent expertly trained in the interstate nexus of firearms about the seized firearm. The agent stated that the seized firearm was manufactured in a foreign country and would have had to cross state and United States boundary lines prior to its possession in Delaware, thereby affecting foreign and/or interstate commerce.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant did possess in and affecting interstate and/or foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year in violation of Title 18 U.S.C., Section(s) 922(g)(1) and (924)(a)(2).

_____
Steven P. Parrott
Task Force Officer, ATF
Special Deputy U.S. Marshal

Sworn to and subscribed in my presence
this _7_ day of _April_, 2008.

_____
The Honorable Mary Pat Thynge
United States Magistrate Judge